*Litchfield,*
June, 1845.

Shaw
*v.*
Shaw.

---

The town of TORRINGTON *against* NASH and others:

IN ERROR.

| 17 | 197 |
| 69 | 439 |
| 17 | 197 |
| 73 | 502 |

In a petition to the county court for a highway from one point to another within the same town, an averment that the select-men of that town neglected and refused to lay out such highway, is indispensable to give jurisdiction to the court.

This requirement is not satisfied, by an averment that the *town* neglected and refused, &c.; the select-men being the agents of the law, and not of the town, for this purpose.

THIS was a petition to the county court for a highway, lying wholly in the town of *Torrington*, being part of a longer route passing through portions of other towns; brought by *Alvah Nash* and others, against that town.

It was averred in the petition, that the town of *Torrington* had entirely neglected and refused to construct and open their portion of said route, which was of great public convenience and necessity.

In another part or count of the petition, it was averred, that "said described road lies wholly in said town of *Torrington;* and is one of great public convenience and necessity; and said town has heretofore, at all times, refused and neglected to lay out, open and establish said route, though

*Litchfield,*
*June, 1845.*

Torrington
*v.*
Nash
and others.

often requested and demanded so to do, and especially so requested and demanded, on or about the 1st of *June* 1840."

The court found, that due demand for the laying-out of said road had been made upon said town of *Torrington*; that said town had neglected and refused to lay out and open the same ; and that said road, as surveyed and laid out, is of common convenience and necessity ; and thereupon, the court accepted the report of the committee laying out the road, and ordered it to be recorded, and established the road as a public highway.

The town of *Torrington* thereupon brought a writ of error in the superior court, which was reserved for the advice of this court.

*Seymour* and *Hollister,* for the plaintiffs in error, contended, 1. That the first count of the petition was fatally defective. In the first place, there is no allegation that *the road prayed for,* is of common convenience and necessity ; but only that the *route,* extending through several towns, is so. Secondly, there is no allegation of any neglect and refusal to *lay out* such road, but, what may be very different, *the town's portion of said route.* Thirdly, there is no allegation that the *select-men* neglected and refused, but that the *town* did. The select-men, and not the town, are the ministers of the law, to lay out highways.

2. That the second count of the petition is equally defective. In the first place, it does not aver the common convenience and necessity of a *proposed* road, but of an *existing* one. Secondly, there is here the same omission as before, to aver neglect and refusal to lay out the road in question, and the same substitution of the term *route* ; and it does not appear from any thing contained in this count, what that route is. Thirdly, there is also the same omission in this count as in the other, to aver that the *select-men* neglected and refused. [Sundry exceptions were taken to other parts of the record, which it is now immaterial to state.]

*Holabird* and *Hall,* for the defendants in error, contended, That the proceedings in this case were correct ; but their remarks related principally to points, which the court have not decided, and which, for that reason, do not now appear.

*Litchfield*,
June, 1845.
Torrington
*v.*
Nash
and others.

With regard to the averment that the *town* had refused and neglected to lay out the road, they insisted, that this was sufficient, because the town is the party interested, and responsible for the consequences of laying out, or refusing to lay out, the highway. *Plainfield* v. *Packer*, 11 *Conn. R.* 577. 580. The town must of course act by its agents; and its standing agents for this purpose, are the select-men. What they do, or neglect to do, in relation to this subject, is the act or neglect of the town; and it is the more correct pleading so to state it.

HINMAN, J. It was decided, in the case of *Waterbury* v. *Darien*, 8 *Conn. R.* 162. and again in *Treat* v. *Middletown, Id.* 243. that in a petition to the county court for a highway, where the road asked for lies all in one town, an averment that the select-men of that town neglect and refuse to lay out such highway, is indispensable to give jurisdiction to the court. We do not find any such allegation in this petition. There is, indeed, an averment, that the said *town* have, at all times, refused and neglected, and still neglect and refuse, to lay out, open, and establish said route, though often requested, &c. But this, we think, is not sufficient. It is not the averment which was decided to be necessary, in the cases referred to; nor do we think it is of the same import. It is said, however, that the select-men, in laying out highways, act as the mere agents of the town; consequently, that their neglect is nothing more than the neglect of the town; and this averment, therefore, though not identical with that required by those cases, is yet tantamount to it, and is in fact the more proper averment to be made. To a certain extent, it is doubtless true, that the select-men act, in this business, as the agents of the town. The town is to bear the burden of building the road, and of paying the damages assessed to individuals; and its inhabitants, in common with the rest of the public, are to be accommodated by it. But all this does not make the town, in its corporate capacity, the proper body to lay out highways, nor the select-men the agents of the town, in the sense claimed by the defendants in error. They may more properly be said to be the agents of the law, by virtue of which they are empowered to appropriate private property to the public use; and acting in this manner, by virtue of a

statute, the course pointed out by the statute must be pursued.   We have no statute authorizing towns, as such, to lay out highways; but the select-men are constituted an independent board, to which, in the first instance, application is to be made.   Judge *Peters*, in remarking upon the statute upon this subject, says, " the statute gives the select-men original, and the county court appellate, jurisdiction."   And in a case bearing a strong analogy to this, where a statute authorized the quarter sessions, upon application of the *mayor, aldermen and commons, in common-council assembled,* by means of a jury, to assess the value of certain lands, taken for a road, the court of *King's Bench* held, that the order of quarter sessions was materially defective, because it stated, that the application was made by the *mayor, commonalty and citizens,* instead of the mayor, aldermen and commons, in common-council assembled : and Lord *Mansfield,* in his opinion, says, " the one is a select body, and the other the corporation at large ; and we cannot go into any fact tending to reconcile such distinction, or to show, that in truth the latter are the proper persons ; but it ought to have been stated," &c. *Rex* v. *Croke, Cowp.* 26. 29. See also 4 *Hill* 86. and cases there cited.

There are other difficulties in this case ; but as this is entirely decisive of it, we purposely avoid giving any opinion upon them.   We are satisfied, that the petition is defective, in a part material to give jurisdiction to the county court; and the judgment upon it must, therefore, be reversed.

In this opinion the other Judges concurred, except STORRS, J., who was absent.

Judgment reversed.