AARON P. MALLORY *vs.* THE TOWN OF HUNTINGTON.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The plaintiff and the selectmen acting on behalf of the defendant town were unable to agree as to the amount of special damage the former had sustained to his land adjoining a highway by reason of a change of grade therein made by the town, and accordingly submitted the question to arbitrators, who heard the parties and made an award requiring the town to pay the plaintiff $740 damages. The town declined to comply with the award and the plaintiff brought suit upon the arbitration agreement. The defendant demurred to the complaint, the demurrer was sustained and the plaintiff appealed. *Held :—*

1. That the selectmen by virtue of their general authority to act for the town were authorized to submit the claim in question to arbitration.

2. That such submission was not a delegation of the authority vested in the selectmen as agents, but was rather an exercise of that authority by proper and legitimate means.

3. That claims might arise which neither the selectmen nor the town could submit to arbitration, on account of the legal incapacity of the town to incur any liability for the payment of such claims.

4. That the provisions of §§ 2703 and 2706 of the General Statutes, establishing a special proceeding for ascertaining the amount of ·the special damages for which the town in such a case is liable, prescribe the only way in which the town can act *in invitum*, but do not make such statutory proceeding essential to the liability of the town, nor prohibit the town from settling such liability by agreement with the landowner, either through direct negotiation or submission to arbitration.

5. That while it is true the selectmen act as the agents of the law in laying out a highway, since the town in its corporate capacity cannot be said to lay it out, yet, after this is done, the town becomes a party to further proceedings affecting its interests, and in such proceedings the selectmen act as the agents of the town.

The case of *Griswold* v. *North Stonington*, 5 Conn., 367, in so far as it denies the right of selectmen to prosecute and defend suits without special

authority from the town, and the authority of selectmen to bind the town by arbitration because they are not authorized to prosecute and defend suits, must be considered as overruled.

[Argued January 19th,—decided February 19th, 1894.]

ACTION to recover damages for the neglect and refusal of the defendant to pay the plaintiff the sum awarded him by arbitrators, upon his claim for special damages sustained by a change of grade of a highway in the defendant town; brought to the Superior Court in Fairfield County, and tried to the court, *Ralph Wheeler, J.*, upon defendant's demurrer to the complaint; the demurrer was sustained, and judgment rendered for defendant, and the plaintiff appealed. *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*William S. Downs*, for the appellant (plaintiff).

I. The plaintiff at the time of the execution of the arbitration agreement, had a legal claim against the town of Huntington for special damages sustained by him by the change of the grade of said street, and the town of Huntington also had a claim against him for any special benefits accruing to his property by reason of said change of grade. At the outset, therefore, these parties had legal claims one upon the other. How could they be settled ? The statute says that if they cannot agree that the selectmen shall apply to a judge of the Superior Court for the appointment of a committee, etc. Could they not also select a committee themselves, without the expense, delay and annoyance of having to apply to a judge to do it for them ? The selectmen, by statute, are charged with looking after the concerns of the town. The settlement of *a legal claim* against the town is one of its con cerns ; likewise is the settlement of a legal claim which the town has against an individual.

Arbitration has always been favored by the courts as a speedy, economical and satisfactory method of adjusting disputes. *Hine* v. *Stephens*, 33 Conn., 504.

The strict construction of the statute as to selectmen's powers laid down in *Griswold* v. *North Stonington*, 5 Conn.,

367, was substantially overruled in *Hine* v. *Stephens.* See also, *Union* v. *Crawford*, 19 Conn., 331 ; *Haddam* v. *East Lyme*, 54 id., 38.

It cannot well be said that in these days our selectmen cannot submit a legal claim against the town, or in its favor, to arbitration. It is in the interest of the town, and of the property owner as well, that any matter in dispute may be adjusted with as little delay and expense as possible.

II. The proceeding provided by statute is not exclusive of all other remedies. *Healey* v. *New Haven*, 49 Conn., 394 ; *Holley* v. *Torrington*, 63 id., 426. Neglect on the part of the selectmen to pursue the statutory remedy gives us the right to sue. Refusal to pursue the statutory remedy gives us the same right. Why shouldn't both neglect and refusal to act and the substitution of some other method give us the same right ? There is no legal distinction between neglect and refusal to act and action taken in another way in a case of this character.

*William H. Williams*, for the appellee (defendant).

I. Did the selectmen have power or authority, as such, and by virtue of their office, to make the contract in question so as to bind their town ?

At common law the plaintiff would have no claim against the town for damages sustained by a change in the grade of a highway. *Fellows* v. *New Haven*, 44 Conn., 240. His right of action, therefore, rests entirely upon § 2703 of the General Statutes. It appearing from the complaint that the selectmen could not agree with the plaintiff, it would seem that the statute made their duty clear and imperative, and limited them in their authority and power to the procedure clearly pointed out for them to adopt in such a case. "Their powers are for the most part conferred by some statute. In respect to the matters mentioned in these statutes, *they cannot go beyond the special limits of the statute." Pinney* v. *Brown*, 60 Conn., 169. It should be observed that this is an *action at law to enforce a contract* which the selectmen undertook to

enter into instead of following the *plain* and *imperative* provisions in the statute in the premises.

The selectmen in their relation to this subject-matter were the *agents of the law* and of the public, and not of the town, and their duties and powers were clearly circumscribed by the plain terms of the statute. In *Leavenworth* v. *Kingsbury*, 2 Day, 323–327, it is held that: "The selectmen of a town are not authorized by virtue of their office merely to make a settlement of the claims of the town." But the court says: "Granting that the selectmen had this power, we contend that they could not *delegate* it." In the case of *Tomlinson* v. *Leavenworth*, 2 Conn., 292, it was held that the selectmen in removing the encroachments upon the highway were "not constituted the agents of the town, but of the public, or, of the law; and they can have no claim on the town for their services, without the express provision for that purpose. Further, the statute has provided a mode by which they are to be reimbursed their expense; and this precludes any right to demand it of the town." In the case of *Griswold* v. *North Stonington*, 5 Conn., 367–370, it was held that "selectmen are not empowered *virtute officii*, to submit to arbitrament a question regarding the settlement of a pauper, which involves the right or liability of the town." At that time the statute empowered the selectmen "to take care of and order the prudential affairs of the town."

See also, *Union* v. *Crawford*, 19 Conn., 331. It will be observed that this case casts no reflection on *Griswold* v. *North Stonington*, and no suggestion is made of any authority to submit to arbitration. The case of *Hine* v. *Stephens*, 33 Conn., 497, did not decide the point now raised. In the case at bar the selectmen did not adopt the decision of the arbitrators as their own judgment, so that it could be said the terms became theirs in any sense. *Healey* v. *New Haven*, 49 Conn., 394, did not hold that the *city or its officers* could do anything with reference to the adjustment of the damage, on failing to agree, except what the statute pointed out for them to do. *Hoyle* v. *Putnam*, 46 Conn., 56–62; *Clark* v. *City of Des Moines*, 19 Iowa, 199 (87 Am. Dec. 423); *McDonald* v. *The Mayor*, 268

N. Y. 23 (23 Am. Rep. 144) ; *Zottman* v. *San Francisco*, 20 Cal. 96 (84 Am. Dec. 96) ; *Ladd* v. *Franklin*, 37 Conn., 53 ; *East Hartford* v. *Bank*, 49 id., 539 ; *Savings Bank* v. *Winchester*, 8 Allen, 109. Selectmen in laying out highways are agents of the law rather than of the town. *Torrington* v. *Nash*, 17 Conn., 197 ; *Bristol* v. *Water Co.*, 42 id., 403 ; *Haddam* v. *East Lyme*, 54 id., 34 ; *Turney* v. *Bridgeport*, 55 id., 412 ; *Dibble* v. *New Haven*, 56 id., 199 ; *Daniels* v. *New London*, 58 id., 156 ; *Pinney* v. *Brown*, 60 id., 164.

II. Did the town so far acquiesce in or ratify and adopt the action of the selectmen as to make the award binding upon it ?

The fees and expenses of the arbitrators, witness fees and other expenses, were paid by orders of the selectmen on the town treasurer, and afterwards the " town at a legal meeting of said town voted to accept and approve the action of the selectmen in paying said expenses." It does not appear that the meeting was called for the purpose of taking into consideration in any way the payment of " said expenses." *Hayden* v. *Noyes*, 5 Conn., 391 ; *Wright* v. *North School District*, 53 id., 576 ; *Woodward* v. *Reynolds*, 58 id., 486. Certainly no intimation of approval of the action of the selectmen in making the submission or of acquiescence in or adoption of the award, appears in the case.

" Any claimed ratification of previously unauthorized acts of such agent must be done by the town in a lawful manner, and as a rule, directly and not by implication, and must be made with full knowledge of all material facts. *Turner* v. *Bridgeport*, 55 Conn., 415–418.

III. Could the town by a vote in a town meeting duly called for that purpose have authorized the submission to arbitration ?

A liability is created by statute, and so far forth as any action in behalf of the town is concerned, *clear, express and imperative* provisions are made for ascertaining the extent or amount of that statutory liability. *Abendroth* v. *Town of Greenwich*, 29 Conn., 363 ; *New London* v. *Brainard*, 22 id.,

552; *Webster* v. *Harwinton*, 32 id., 131; *Booth* v. *Woodbury*, 32 id., 118–124; *Burritt* v. *New Haven*, 42 id., 174–196.

HAMERSLEY, J.   The town of Huntington changed the grade of a public highway situated within the town, and by reason of such change of grade the plaintiff, who was the owner of the land adjoining the highway, sustained special damage to his property.   Under the provisions of § 2703 of the General Statutes the town became liable to pay the plaintiff the amount of such special damage.

The selectmen of the town and the plaintiff were unable to agree upon the amount of damages due, and submitted to arbitrators the difference between the town and the plaintiff as to such amount.   The arbitrators made an award requiring the town to pay the plaintiff $740; the town neglected and refused to comply with the award, and the plaintiff brings this suit against the town upon the arbitration agreement.

In the court below the defendant demurred to the complaint; the demurrer was sustained and judgment rendered for the defendant; from this judgment the plaintiff appeals.

No question is now raised as to the plaintiff's right to recover, if the selectmen had legal authority to submit to arbitration the questions of difference between the town and the plaintiff as to the amount of damages.   The defendant claims that the selectmen did not have such legal authority, and that his demurrer was, therefore, properly sustained.   This claim is based on two propositions, either of which being sound is sufficient to support the claim.

The first proposition is: Selectmen by virtue of their general authority to act for their town are not authorized to settle a claim against the town by means of a submission to arbitration.   This proposition rests upon the authority of *Griswold* v. *North Stonington*, 5 Conn., 367.   The precise question determined in that case was that selectmen *virtute officii* are not empowered to submit to arbitrament a question regarding the settlement of a pauper which involves the right or liability of the town.   The court, however, announced

the general proposition that selectmen cannot bind the town by arbitration, and deduced this proposition mainly, if not wholly, from the assumption, which the court treated as settled law, that selectmen cannot without special authority act for the town in the prosecution and defense of suits. So that the main *ratio decidendi* of this case is the necessity of special authority to enable selectmen to prosecute and defend suits in behalf of their town; if the court had held that the law vested in selectmen general authority to prosecute and defend suits, it is not certain that they would have reached the same result on the precise question determined, and it is hardly possible they would have announced the general proposition that selectmen have no authority to bind their town by arbitration.

In *Union* v. *Crawford*, 19 Conn., 331, this question was again before the court. Upon full argument and for the express purpose of settling the question, the court held that the selectmen of a town, by virtue of their general powers as selectmen and without the delegation of any special authority for the purpose, have a right to prosecute and defend suits to which their town is a party. The practice authorized by this opinion has been followed for nearly fifty years; and the fact that during that period the legislature has not altered the statute conferring general powers upon selectmen, which this case construed, is a strong indication that the construction of the court expressed the real legislative intent. So far, therefore, as *Griswold* v. *North Stonington*, and some earlier cases, deny the right of selectmen to prosecute and defend suits without special authority from the town, and so far as those cases deny the authority of selectmen to bind their town by arbitration because they are not authorized to prosecute and defend suits, the cases must be considered as overruled.

The relations of selectmen to their town in prosecuting or defending a suit are quite different from those of an attorney-at-law to his client. In the case of selectmen, by force of the statute authorizing them to " superintend the concerns of the town, adjust and settle all claims against it and draw

Mallory v. Town of Huntington.

orders on the treasurer for their payment," they represent
the town in relation to the whole of the subject-matter; as
representatives of the town they are authorized (in the ab-
sence of special direction) to decide whether to bring or de-
fend suit, whether to make a settlement before suit or pending
suit, and to draw orders on the town treasurer in payment
of the claim as settled by them. It would seem clear that
under such authority it is within their power to settle the
subject-matter committed to their charge by arbitration as
well as by an action at law. It is claimed that their author-
ity is a delegated authority in the nature of a personal trust
which they cannot delegate to others. The principle invoked
is sound and should be accurately observed; but it is not
pertinent to the case. The authority delegated to selectmen
necessarily involves the authority to employ agents, where
such employment is a proper and the ordinary mode of exe-
cuting the authority. The authority delegated to select-
men to keep highways in repair does not require them to do
the manual work on the roads, or personally to select the
laborers; the employment of agents for such purposes is not
the delegation of their authority within the meaning of the
law; it is rather the exercise of their authority by proper
and legitimate means, and is a very different thing from del-
egating to another the whole subject-matter of keeping the
roads in repair, vesting in him their authority, discretion
and responsibility.

So in the matter of litigation, the authority vested as a
personal trust in the selectmen is the superintendence and
disposition of claims in favor of and against their town, ac-
cording to their best discretion; that authority they cannot
delegate; but the bringing or defending a suit is one means
of executing that authority, and the submission to arbitration
is another means. Arbitration is as truly a lawful means of
determining controversies as an action at law, and at the re-
quest of the parties the law lends to the arbitrators the ma-
chinery of the court, so that the award of the arbitrators
becomes a judgment enforced by execution. Even when a
suit is pending, the court will, upon request of the parties,

substitute the arbitrators for judge or jury, and then enforce the award by judgment and execution. It is idle to deny that the law of this State recognizes submission to arbitration, whether by rule of court or not, as a proper and lawful means of settling disputes; and the selectmen in submitting a case to arbitration cannot be said to delegate to the arbitrators that authority and discretion which they exercise in a proper and usual manner by the very act of submission. A delegation of the personal trust to use their best discretion in protecting the interests of the town committed to their charge, cannot be affirmed in the case of submitting a question to arbitration any more than in the case of bringing a suit for the determination of the same question; in both cases they do not delegate, but exercise their authority, using in each case a proper, lawful and usual means of exercising such authority.

The powers of a conservator are conferred and limited by the statute. He has no legal interest in the estate of his ward. In *Hutchins* v. *Johnson*, 12 Conn., 376, this court held that a conservator may submit to arbitration the claims of his ward, and was evidently influenced in reaching that conclusion by the fact that the conservator was authorized to settle and adjust claims and to institute suits. In *Hine* v. *Stephens*, 33 Conn., 497, this court expressed the opinion that selectmen may submit claims against their town to arbitration, although the case was decided on another point. We think the opinion expressed in *Hine* v. *Stephens* is correct, and we are satisfied upon principle that the general authority vested in selectmen by § 64 of the General Statutes, justifies them in submitting to arbitration a claim against their town which they are authorized by law to settle and pay. In making such a submission the selectmen do not exceed the authority given them by statute and do not delegate that authority to others.

This statement of the law is made in view of the facts in this case, and is not necessarily applicable to conditions not clearly analogous; the powers of the town and selectmen are determined by so many different statutes, involving so many

limitations, that there is special need in any statement of such powers, to keep in mind the safe and sound rule that all general statements of law in the opinion of the court, may be limited as authority by the particular circumstances of the case to which the law stated is applicable. And it well may be that some matters which individuals can lawfully submit to arbitration cannot be so submitted by selectmen, even with special authority from their town, for the reason that the submission may involve an agreement on the part of the town to pay a liability which, under the law, it is incompetent to incur.

The second proposition of the defendant in support of his claim is, that the statute prescribes a particular method for ascertaining the amount of damages the town is liable to pay, and therefore makes any other method of ascertainment illegal.

Section 2703 of the General Statutes provides that:— " When the owner of land adjoining a public highway, * * * shall sustain special damage or receive special benefits to his property by reason of any change in the grade of such highway by the town * * * in which such highway may be situated, such town * * * shall be liable to pay to him the amount of such special damage, and shall be entitled to receive from him the amount or value of such special benefits, to be ascertained in the manner provided for ascertaining damages and benefits occasioned by laying out or altering highways therein."

Section 2706 provides that:—" If the selectmen of any town, and any person interested in the layout, opening, grading, or alteration of any highway * * * therein, cannot agree as to the damages sustained by, or the benefits accruing to, such person thereby, the selectmen shall apply to any judge of the Superior Court, who, having caused reasonable notice to be given to the parties interested, shall appoint a committee of three disinterested electors, to estimate, etc., and report their doings to the Superior Court." Further sections provide for a remonstrance by any party interested, for a re-

assessment under specified circumstances by a special jury of six, and for final order and judgment of the Superior Court.

The defendant claims that the plaintiff had, at common law, no claim against the town for damage done by a change of grade, and, therefore, his right of action rests entirely upon the statute; and that the statute having prescribed a peculiar process for ascertaining the damages, they can be ascertained in no other way.

It is fully established in *Healey* v. *City of New Haven*, 49 Conn., 394, that the right created by the statute and the corresponding liability is absolute, irrespective of the method provided for ascertaining the amount of damages. The statute gives to the party injured an absolute right; it imposes upon the town an absolute liability; it also provides a mode for ascertaining the amount of damages which the town may and should follow, and which is the only way by which the town can act *in invitum;* but this provision does not otherwise affect the liability of the town or the right of the plaintiff. The town cannot institute the statutory process until it has exhausted the resources of negotiation to settle the liability, and if it then neglects to proceed under the statute, the liability remains and the party injured is entitled to his action at law.

This case does not come within the rule that where a statutory right depends upon the performance of specified acts, the statutory requirements must be strictly complied with before the right can have a legal existence. Here the right of the party aggrieved, as well as the liability of the town, is in full legal existence the moment the change of grade is made by the town in the exercise of its general powers over highways; nor does the case come within the rule that when a peculiar process for the enforcement of a right is prescribed by statute, and such process is exclusive, either by express terms of the statute or by necessary implication, the right can be enforced in no other way, and the jurisdiction given by the statute can only be exercised in strict conformity with the statutory regulations.

In *Avery* v. *Town of Groton*, 36 Conn., 304, this court held

that upon the application of the town for the assessment of damages under a statute similar to the one in question, the town was bound by its agreement to try the case before a jury of five instead of the jury prescribed by the statute. Possibly this case may indicate that the statute is not one of that exclusive character where jurisdiction under the process prescribed depends upon strict compliance with every statutory requirement; but, however that may be, it is clear that the statutory process for ascertainment of damages is not, either by express terms of the statute or necessary implication, exclusive of other methods of settling the controversy.

The question between the parties is simply the amount of a legal liability. As we have seen, this liability does not grow out of and is not dependent upon, the statutory process for ascertaining the amount. The question may be settled, like all differences as to legal liabilities, by agreement. In fact, the statutory process cannot be invoked until agreement has failed, and it is noticeable that the language of the statute does not purport to authorize the agreement, but plainly assumes that such settlement is merely the exercise of a common law right; and the right to damages may be enforced by suit if the statutory process is not followed. But the right of the party aggrieved to collect his claim by suit, in case the statutory process is not followed, or the right of the parties to settle their differences by agreement, is no more a plain legal incident to the existing liability, than the right of the parties to settle such differences as they may other differences, by agreement upon arbitration.

The statutory process as originally enacted was simply a compulsory process given to the town to enable it speedily to ascertain the amount of compensation due for land taken for public use, so that as little delay as possible might intervene between the condemnation of the land and its occupation for public use; and for this reason the statute, in imperative language, imposes upon the selectmen the duty of instituting such process. The character of the statute as originally enacted has not been changed by including assessments for benefits and damages for change of grade within its provisions.

The statute was not intended to, and does not, restrain the town from settling its liability to pay damages for the land taken by agreement; on the contrary, the town is denied the benefit of the compulsory process until agreement has failed. It cannot be legally claimed that such a statute, by necessary implication, restrains parties from exercising their right to come to an agreement, by submitting their differences to arbitration, and so accomplishing the very purpose for which the statute was framed. Such a claim would not be made if the statute referred to an individual instead of a town, and therefore has no force unless the town cannot legally submit such a question to arbitration.

It thus becomes apparent that the defendant's claim that the statute giving the town compulsory process for the ascertainment of the amount of its liabilities, restrains the town from submitting the question to arbitration, must rest upon the claim that the town itself, for causes independent of the statute, is incompetent to submit such a question to arbitration. This claim is not correct for reasons already indicated. The power of a town to arbitrate the amount of a liability it is authorized to incur and bound to pay is unquestioned. The liability to pay damages for land taken for a public highway or caused by a change of grade in such highway, is a liability the town is authorized to incur and bound to pay. It may, therefore, settle such liability by arbitration unless restrained by the statute; for the reasons stated, it is not so restrained.

The defendant also urges that in the matter of laying out highways the selectmen do not act as agents of the town, but as agents of the law, and therefore cannot bind the town by arbitration. In laying out a town highway the selectmen do act as agents of the law, in the sense that the town in its corporate capacity cannot be said to lay out the highway. *Torrington* v. *Nash*, 17 Conn., 197. But when the highway is laid out, the town, by reason of its liability to pay the damages, build the highway and maintain it in repair, becomes a party to the further proceedings; and in such proceedings relating to the protection of the interests of the town and de-

termining the amount of its liability, the selectmen must act as the agents of the town. *Plainfield* v. *Packer*, 11 Conn., 576 ; *Baker* v. *Town of Windham*, 25 id., 597 ; *Gifford* v. *Town of Norwich*, 30 id., 35. The law would not require the selectmen to agree with a party to whom the town is liable in damages, upon the amount of such damages, unless, in negotiating such agreement, the selectmen acted as agents of the town. Moreover, in this case we are not dealing with the layout of a highway but with a change of grade ; and in a mere change of grade the town acts wholly in its corporate capacity, and in settling the damages caused by such change the selectmen, by virtue both of the general and special power given them by statute, act as agents of the town.

The demurrer alleged defects in the complaint of a technical nature, and which can be cured by amendment, if they are demurrable defects ; but neither the plaintiff in his reasons of appeal, nor the defendant in argument, referred to such questions, and we have not considered them.

As the arbitration agreement entered into by the selectmen was within their authority, the question of ratification which was discussed in argument, becomes immaterial to the decision of the case.

There is error, and the judgment of the Superior Court is reversed.

In this opinion the other judges concurred.