THE TOWN OF NORWALK (AUGUSTUS F. BEARD ET ALS., BRIDGE CONSTRUCTION COMMITTEE) *vs.* KATE H. PODMORE ET AL.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

Selectmen, in laying out a highway, act as agents of the law, but in proceedings to determine the amount of the town's liability for the land taken they act as agents of the town.

The General Assembly, by Special Laws of 1911, p. 490, took away from the selectmen of the town of Norwalk, and suspended, all their usual powers to act for said town concerning the bridge or park provided for by said special law until the completion of the work; appointed a special bridge committee sole agent for the town to construct the bridge and its approaches and to control all litigation on behalf of or against the town concerning all matters connected with the construction and maintenance of said bridge; empowered said committee to acquire land for a park and for a deviation bridge, and gave it power to authorize and perform all things incidental thereto, but did not in terms empower said committee to acquire land for said new bridge. *Held* that the acquiring title to the land required for the bridge was incidental to the other work and power to institute proceedings therefor was conferred by said Act exclusively upon said committee.

Argued April 23d—decided June 13th, 1912.

APPLICATION by the town of Norwalk for the ap-

pointment of a committee to assess the damages suffered by the defendants from the taking of their land for bridge and park purposes under a Special Act of the legislature, brought to and heard by the *Hon. William S. Case,* a judge of the Superior Court, who rendered judgment dismissing the application, from which the plaintiff appealed. *Error and cause remanded.*

*John J. Walsh,* for the appellant (plaintiff).

*John C. Chamberlain,* with whom was *Leo Davis,* for the appellees (defendants).

THAYER, J. This is an application by the town of Norwalk for the appointment of a committee to assess the defendants' damages for land taken for bridge and park purposes. The land taken is within a layout of the bridge and park referred to in an Act of the legislature entitled "An Act Concerning a New Washington Street Bridge and a Park in the Town of Norwalk and the Issue of Bonds Therefor." 16 Special Laws (1911), p. 490. The application was brought by the bridge construction committee as agents and committee of the town, and alleges that the town, acting by them as its agents and committee, has been unable to agree with the defendants as to the damage sustained by them by the layout of the bridge and park, within which the defendants' land is included and for which it is required. A motion to dismiss the application, upon the ground that the only authority to make such an application is vested in the selectmen of the town, and that the bridge construction committee possess no power in the matter of condemning land for the uses of said bridge or its approaches, was granted by the judge to whom the application was made.

The only question raised by the appeal is whether the bridge committee has the power to act as agent for the

town in a proceeding of this character to take land for the bridge or its approaches. That they have such power where the land taken is for the park is not questioned.

The Act in question empowers the town of Norwalk to construct an expensive drawbridge, with approaches thereto, over Norwalk River, in place of an existing bridge, and to acquire and own the land therefor; also, to establish, lay out, improve, and maintain a park, and to acquire and own the land therefor, being land which is described in the Act and which adjoins the bridge and its approaches. It is provided in § 2 that "in case the town of Norwalk cannot agree with the claimants or the owners of land or buildings within the limits of the layout of said bridge, or the approaches thereto, as finally adopted, or said park, or can agree with some and not with others, as aforesaid, said town may proceed to condemn the land or buildings within said layout and said park in accordance with the provisions of the statutes relating to the condemnation of lands for highway purposes."

The fifth section provides that the "bridge construction committee, and their successors, shall be the sole agents and committee of the town, . . . with full power to construct said bridge and its approaches, . . . and may acquire, for the use of the town or for the use of the contractor, lands or rights for a deviation bridge for the temporary accommodation of travel; . . . and said committee shall be the sole agent of the town for acquiring the property and the rights for said park, . . . and may sell and dispose of the present bridge and draw, and all buildings on land acquired for said bridge or park, and, subject to the provisions of this act, may prescribe the form and conditions of said improvement bonds [provided for by the Act], determine the rate of interest which they shall bear, and may sell the same, depositing the proceeds thereof with the treasurer of said

town, and may make payment, out of the proceeds of said improvement bonds, from time to time, by its orders upon the town treasurer, for any of the expense of said work, . . . and may authorize and perform all things incidental to said work; and the orders of said committee upon the treasurer of the town shall be honored and paid by said treasurer as though the same were made by the selectmen of said town; and all powers of the selectmen concerning said bridge or said park, or the appurtenances thereof, or the issue of said bonds, are hereby suspended until said public works are completed under the direction of said bridge construction committee, and open for public use."

The seventh section provides that "said bridge construction committee shall, during its continuance in office, . . . have sole control of all litigation by or on behalf of or against the town, concerning all matters connected with the construction and maintenance of such bridge, deviation bridge, park, and docks, the issue and sale of said bonds, and the payment of all obligations of the town concerning the construction and · maintenance of the same, or any of them, and concerning all liabilities of the town relative thereto, to the exclusion of all other authorities and of all other officers or agents of the town."

Section nine reads: "Said bridge and park are hereby declared to be of public use and necessity, and the said new bridge is hereby established and laid out according to the layout of the same heretofore made by the selectmen of the town, now on file in the town clerk's office, and the said park is hereby established and laid out with the boundaries herein described."

It thus appears that at the time the Act was passed a layout for the bridge in question had already been made, and was established by the Act as being of public use and necessity, and that the park was also established,

with the boundaries stated in the Act. It was a large public improvement, the Act authorizing an issue of bonds to the amount of $250,000 by the town to pay for it. It was not an ordinary work of the town, such as falls within the usual duties of its selectmen, but was extraordinary and not likely to be completed within the official term of the existing board of selectmen. The Act expresses the purpose to remove this entire matter relating to the bridge and park from the agency of the selectmen and place it in charge of a special committee which is named in the Act.

Selectmen, in laying out a highway, act as agents of the law, but in proceedings to determine the amount of the town's liability for the land taken they act as agents of the town. *Mallory* v. *Huntington,* 64 Conn. 88, 100, 101, 29 Atl. 245. The legislature, by the sections of the Act quoted, took away from the selectmen, and suspended, all their powers to act for the town of Norwalk concerning the bridge or park until the work shall be completed and open for public use. What remained to be done after the Act was passed was to acquire title to the land within the layouts and construct the contemplated works. It is true that the power to acquire land for the new bridge is not in terms given to the bridge committee, while power to acquire land for the park and for the deviation bridge is; but it was appointed sole agent and committee for the town to construct the bridge and its approaches, and given power to authorize and perform all things incidental to the work. The acquiring title to the land was incidental to the other work, for the latter could not proceed until the land was acquired. It is said that, as the power to institute proceedings to acquire title to the land is not expressly given to the committee, it remains with the selectmen, and that they were the proper parties to make this application. But all their powers concerning

the bridge or the park or the appurtenances are expressly suspended and thus taken away. It seems clear that the legislative intent was to give to the committee the powers thus taken from the selectmen.

It is said that in condemning land for highway purposes the General Statutes make it the duty of the selectmen to make the application for appointment of the committee, and that, if there is nothing in the Act in question which takes their powers away and confers them upon the committee, the power remains in the selectmen. We think, as already indicated, that the Act takes away this power from the selectmen and confers it upon the committee. For the ascertainment of damages for the taking of land, the public statutes provide a different process where the land is taken for a park from that provided where it is taken for a highway; the former case being governed by § 1933 of the General Statutes as amended by chapter 121 of the Public Acts of 1907 (p. 674), and General Statutes, §§ 4109, 4110, and the latter by General Statutes, § 2054. The applications are to be made to different tribunals. By the provisions of § 2 of the Act now under consideration, the application in both cases is to be made as in the case of taking land for highways, thus avoiding two proceedings, where, as in the present case, a defendant's land is taken in part for park and in part for highway purposes.

With full powers given to the committee to conduct the litigation after the application has been made, no reason appears why the power to make the application should be left in other hands.

There was error in dismissing the application, and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.