GREATER HARTFORD BRIDGE AUTHORITY *v.* ANTHONY G. RUSSO ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 130110

Memorandum filed February 13, 1963

*Kenny & Kenny,* of Hartford, for the plaintiff.

*Yellin, Rosenberg & Hoffman,* of Hartford, for the defendants.

COTTER, J. The complaint alleges the plaintiff's authority, ownership in the defendants' land, public need, convenience, and requirement of the property for a public purpose, a grant of right of entry upon the defendants' land, notice, and inability to agree, after a right of entry, upon a purchase price. The motion alleges that the plaintiff is not the proper

party to bring suit and that it is acting in violation of due process.

Section 13-221 of the General Statutes authorizes the Greater Hartford Bridge Authority to make application to the Superior Court for the county in which the real estate or other property to be acquired or damaged is situated or to any judge of the Superior Court. Section 13-215 provides: "[T]he authority shall have power to (1) sue and be sued; . . . (4) acquire and hold in the name of the state real property or rights or easements therein, and permit the sale, exchange, or other disposition of any real property not necessary for its corporate purposes; . . . ." While the plaintiff sues in its own name, in its prayer for relief it asks that rights and easements in the land be vested in the state of Connecticut and that judgment enter for the state.

Section 13-219, entitled "Acquisition of land," provides in part: "All services required in connection with any such acquisition of real estate or rights or easements therein shall be performed by employees or agents of the authority at the authority's own cost and expense." The Greater Hartford Bridge Authority is authorized under § 13-219 to "acquire such real estate or rights or easements therein in the name of the state by dedication, by agreement, by condemnation . . . or by appropriation."

There is authority for the present mode of procedure by the plaintiff, wherein our court has said: "If the statute providing for condemnation proceedings in particular instances designates the officers or board authorized to institute and conduct the proceedings, the proceedings should be brought by, and in the name of, the officers or board so designated. . . . *Norwalk* v. *Podmore,* 85 Conn. 498,

503." *Middletown* v. *F. L. Caulkins Automobile Co.,* 19 Conn. Sup. 45, 47; 29 C.J.S. 1201, Eminent Domain § 235. Proceedings on behalf of a municipality may be brought by the officers or board authorized by statute to make the application, although the title when acquired vests in the municipality. See *Matter of Rochester Water Commissioners,* 66 N.Y. 413, 423, wherein the court stated: "The board of water commissioners were by the act authorized to make the application, and were the actors in the proceedings, and we see no reason to doubt that, as a board, they were authorized to take the proceedings upon their own motion, and as commissioners without stating in terms that they acted for the city, or using the name of the corporation, although the title, when acquired, would be for the city of Rochester. The mere formal amendment of the petition and the other proceedings, stating them to be for and in behalf of the city, would be all that would be necessary to obviate this objection." By virtue of the statutes, it would appear that the plaintiff is a proper party to bring the action, and there is jurisdiction in that regard.

Jurisdiction is the power in a court to hear and determine the cause of action and must exist as to the parties, the process and the subject matter of the action. All facts well pleaded are admitted by the motion, and a decision must be determined on the existing record and that alone. In such a case, the allegations of the complaint must be given the construction most favorable to the plaintiff. *Brown* v. *Cato,* 147 Conn. 418, 419, 422. The question of jurisdiction, of course, may appear at any step in the proceedings and must be considered even if for the first time it is raised in a brief filed in the Supreme Court of Errors. *Bardes* v. *Zoning Board,* 141 Conn. 317 (where no appeal was provided for by the Stamford charter and the question of juris-

diction was first raised in a brief filed in the Supreme Court) ; *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 140. The motion before the court tests whether on the face of the record this court lacks jurisdiction. It cannot be used to question the sufficiency of a complaint or to present an affirmative defense. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 649.

The claim that this court lacks jurisdiction of the subject matter is certainly a broad and sweeping one. The state may take property for a public use provided it complies with all the other constitutional and statutory provisions and may provide for such taking by other authority, as shown by the precedents cited herein. The Superior Court is a constitutional court with broad constitutional power and is the highest court of original trial jurisdiction. Conn. Const. art V, § 1; see Cotter, "The Constitutional Court," 34 Conn. B.J. 91, 96. It is a court of general jurisdiction. *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 237. Under such a claim as is made here, the court must have complete jurisdiction over the subject matter, which includes the power to try the case presented by the pleadings as well as the power to grant the judgment sought. Both of these factors are present under the demands in this case when one applies the constitutional and statutory provisions above set out to the issues framed in the complaint and counterclaim. The statute is constitutional, and the common limitations as to the court's power to act, the amount sued for and the place or court to which the action is brought do not in this case restrict the power of the Superior Court and deprive it of jurisdiction.

Where the plaintiff proceeds in accordance with the statute and the power is properly exercised, the proceeding constitutes due process; *Connecticut*

*Light & Power Co.* v. *Southbury,* 95 Conn. 88; especially where the individual is secure from arbitrary exercise of the power of eminent domain. *John J. McCarthy Co.* v. *Alsop,* 122 Conn. 288. A hearing may be held in the instant case in accordance with the issues joined. Any additional requisites are met, since there appears to be a taking for a public use; *Hawley* v. *Harrall,* 19 Conn. 142; *Skinner* v. *Hartford Bridge Co.,* 29 Conn. 523; and the owners are entitled to compensation by virtue of the statute. The taking is not capricious or without notice, especially since the plaintiff claims a prior agreement between the parties as to an entry upon the land. There is no guarantee of a particular form of procedure under the due process of law requirement; *Dohany* v. *Rogers,* 281 U.S. 362; provided the principle itself is followed and the essential elements of due process are preserved. *League* v. *Texas,* 184 U.S. 156. The defendants have an opportunity to be heard as to the issues, especially with respect to the question of compensation, which has not been disposed of.

" 'Due process of law' is but another name for 'law of the land.' *Dartmouth College* v. *Woodward,* 4 Wheat. (17 U.S.) 518. It does not necessarily imply a judicial process, or proceedings after the established method of courts. On the contrary, legislative action within the limits of legislative authority and conformably to constitutional safeguards and established principles is the law of the land. *Davidson* v. *New Orleans,* 96 U.S. 97, 104; *McMillen* v. *Anderson,* 95 U.S. 37, 41; *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Backus,* 133 Ind. 625, 642. . . . The law of the land in judicial proceedings is one thing: as regulating legislative proceedings it is quite another. 'Due process of law in each particular case means such an exertion of the powers of government as the settled maxims of law permit

and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs.' Cooley on Constitutional Limitations (4th Ed.) s. p. 356; *People ex rel. Herrick* v. *Smith,* 21 N.Y. 595, 598; *People* v. *Adirondack Ry. Co.,* 160 N.Y. 225, 238 . . . ." *Water Commissioners* v. *Johnson,* 86 Conn. 151, 161.

The question of due process under the fourteenth amendment to the United States constitution and under article first, § 9, of the Connecticut constitution has not been abused or ignored. The statutes aside, the plaintiff has alleged the agreement as to a right of entry granted by the defendants upon their land, and the defendants in their answer have neither admitted nor denied the agreement. Likewise, they have alleged a special defense which places the agreement clearly in issue. Four counterclaims have been interposed which concern the methods of procedure and damages. It is obvious, therefore, that this pleading cannot determine these questions in the light of the authorities supra.

Our Supreme Court has answered these questions and has clearly enunciated the methods by which the landowner may be protected in accordance with the constitutional requirements of due process. *Northeastern Gas Transmission Co.* v. *Collins,* 138 Conn. 582, 586, 590.

The motion is denied.