[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTIONS EXCEPTIONS TO ATTORNEY TRIAL REFEREE'S (#133) and MOTION FOR JUDGMENT (#136)
The plaintiff, Glenport Main Corporation, initiated this lawsuit by way of an application for a prejudgment remedy against the defendants, Michael Covelluzzi, Albina Covelluzzi, and Domenick Covelluzzi. The order was granted on March 14, 1989. The underlying complaint alleges a failure by the defendants to abide by the conditions of an agreement for the sale of real estate and a breach by the defendants of that agreement. The plaintiff seeks specific performance of the contract, a decree vesting title to the premises, and monetary damages.
On July 30, 1986, the plaintiff filed a revised complaint. The defendants filed an answer and counterclaim on September 23, 1986. The counterclaim is in four counts: (1) the contract for the sale and purchase of real estate is void and unenforceable, (2) the plaintiff has slandered the defendants' title to the subject property by recording the disputed contract for sale, (3) Conn. Gen. Stat. 47-17 violates the due process provisions of the Connecticut and United States constitutions, and (4) the plaintiff has violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat.42-110a et seq. The defendants seek monetary damages, a judgment prohibiting enforcement of the contract, and other equitable relief. The plaintiff filed an answer to the counterclaim on October 2, 1987. CT Page 631
Subsequent to the plaintiff claiming the case for the trial list on October 2, 1987, the parties agreed to the reference of all claims to an attorney trial referee with the exception of count three of the counterclaim which was to be heard by the superior court. The trial was held in January, 1988. Both parties submitted trial briefs after completion of trial. The attorney trial referee submitted his initial report on December 22, 1988. The report found the defendants had breached the contract, and that the plaintiff was entitled to judgment. The attorney trial referee recommended that the plaintiff be granted specific performance.
On January 24, 1989, pursuant to Conn. Practice Bk. 438, the defendants filed a motion to correct the original attorney trial referee's report, proposing eighty-three changes. The plaintiff filed its objections to the motion to correct on January 31, 1989. Defendants filed an amended motion to correct with supporting memorandum on February 16, 1989.
On May 18, 1989, the attorney trial referee filed a "Report to the Superior Court" which addressed each of the eighty-three changes proposed by the defendants. The attorney trial referee reasserted his original recommendation. On June 1, 1989, the defendants filed a motion for extension of time by which to file their objections and exceptions to the trial referee's report. On June 22, 1989, the defendants filed their objection and exceptions to the trial referee's report, pursuant to Conn. Practice Bk. 439. It should be noted that the motion for extension of time was filed beyond the ten day limit of Conn. Practice Bk. 439, and it was not acted upon by the court. Plaintiff has not raised this nor will the court treat this as an issue. On August 18, 1989, the plaintiff filed a motion for judgment, pursuant to Conn. Practice Bk. 442.
The attorney trial referee program, Conn. Gen. Stat. 52-434(a)(4) was created by Public Act 82-160, 167; Conn. Practice Bk. 428 et seq. The constitutionality of the statute was upheld in Seal Audio, Inc. v. Bozak, 199 Conn. 496 (1986). Specifically, the supreme court held the statute did not violate the state constitution, article fifth, 2, which requires judges of the supreme court and of the superior court to be nominated by the governor and appointed by the General Assembly. Seal Audio, Inc., 199 Conn. at 508-09. Article fifth, 6 of the state constitution provides that constitutional referees, former judges of the supreme, superior and common pleas courts, may exercise the powers of the superior court or court of common pleas on matters referred to them was also found not to be violated by the attorney trial referee program. Seal Audio, Inc., 199 Conn. at 509. CT Page 632 Additionally, because consent of the parties is necessary in order for a case to be referenced to an attorney trial referee, the supreme court held that Conn. Gen. Stat. 52-434 (a)(4) did not violate the due process provisions of thefourteenth amendment of the United States constitution, or the state constitution, article first, 8. Seal Audio, Inc.,199 Conn. at 510-16.
The defendants initially raise the claim that their constitutional rights were violated. They argue that the length of time taken by the attorney trial referee to render each of his decisions, eleven months and three months respectively, violated the defendants' due process rights to be given a meaningful opportunity to be heard. Further, the defendants allege a violation of their equal protection rights in that attorney trial referees, pursuant to Conn. Gen. Stat.52-434 (a)(4) are the only triers of fact not bound by the 120 day time limit prescribed by Conn. Gen. Stat. 51-183b. The defendants have not previously challenged the constitutionality of the reference. The plaintiff counters by claiming that the attorney trial referee program, Conn. Gen. Stat. 52-434 (a)(4) has been found not to violate the due process and equal protection clauses of the state and federal constitutions. Additionally, the plaintiff points to the defendants' voluntary acceptance of reference by the court to an attorney trial referee.
The failure of a party to raise a constitutional claim, before or during a hearing, which implicates the authority of the trial referee does not bar its subsequent consideration. Seal Audio, Inc., 199 Conn. at 499; see also E.I. Constructors, Inc. v. Scinto, 12 Conn. App. 348, 351 (1987). An aspect of the attorney trial referee program is the absence of a statutory time limit within which the referee has to submit his report. Kowalsky Properties, Inc. v. Sherwin-Williams, 7 Conn. App. 136,141 (1986). Attorney trial referees do not have the power to render judgments, and consequently are not subject to the 120 day time limitations of Conn. Gen. Stat. 51-183b. Kowalsky Properties, Inc., 7 Conn. App. at 141.
"Due process requires notice and an opportunity to be heard `at a meaningful time and in a meaningful manner;' [citations omitted]; but does not mandate any specific form of procedure; rather it protects substantive rights." Fremont Division v. Smith, 178 Conn. 398, 397 (1979). However, "[i]ts requirements are satisfied if [a party] has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." Proctor v. Sachmer, 143 Conn. 9, 17 (1955), CT Page 633 quoting Dohany v. Rogers, 281 U.S. 362, 369 (1929); see also Pagano v. Board of Education, 4 Conn. App. 1, 9-10 (1985).
"Due process does not mandate a particular procedure but rather requires only that certain safeguards exist in whatever procedural form is afforded." Hartford Federal Savings Loan Association v. Tucker, 196 Conn. 172, 176 (1985). "[Due process] does not necessarily imply a judicial process, or proceedings after the established methods of courts." Greater Hartford Bridgeport Authority v. Russo, 24 Conn. Sup. 182, 186
(1963). There is no violation of due process by the referencing "of a nonjury civil case to a nonjudicial agency to find facts and make recommendations on legal questions. . .so long as these determinations can be adequately reviewed in a judicial forum under procedures similar to those provided by our rules of practice. See Practice Book 428 through 443." Seal Audio, Inc., 199 Conn. at 511.
"A balance must be struck in each instance between the rights of the individual and the interest of the government in the existing procedure." Society for Savings v. Chestnut Estates, Inc., 176 Conn. 563, 573 (1979). The defendants voluntarily agreed to the trial court's reference of this case to an attorney trial referee. Report of Referee, page 1. The hearing before the attorney trial referee lasted for four days. The defendants have been given an opportunity to be heard at a meaningful time and in a meaningful manner. Further, the defendants have been provided a reasonable opportunity to present their claims and defenses. Accordingly, it is clear that the defendants have been afforded due process under both the Connecticut and United States constitutions.
The defendants' next claim that the "disparate treatment accorded them under Gen. Stat. Sec. 51-183b and Practice Book Sec. 428 et seq." violates their equal protection rights. "[L]egislative enactments carry with them a strong presumption of constitutionality, and. . .a party challenging the constitutionality of a validly enacted statute bears the heavy burden of proving the statute unconstitutional beyond a reasonable doubt." Zapata v. Burns, 207 Conn. 496, 508 (1988).
"It is well settled that states have the right and power to classify the subjects and objects of legislation, and if such classifications are reasonable they will not violate the constitutional guaranty of equal protection." State v. Russo,38 Conn. Sup. 426, 429 n. 3 (1982), citing Reed v. Reed,404 U.S. 71, 75-76 (1971), "The guaranty of equal protection of the laws ensures that the laws apply alike to all in the same situation, or that similar treatment is afforded to those in similar situations." In re Nicolina T., 9 Conn. App. 598, 606
CT Page 634 (1987).
Prior to a court referencing a case to an attorney trial referee, the consent of the parties must be obtained. Seal Audio, Inc., 199 Conn. at 514-16. The classification to which the defendants belong is that class of parties who have voluntarily agreed to have their case referenced to an attorney trial referee.
In order to prove a deprivation of right to equal protection where no claim of fundamental right is made, a party "is required to prove that the state's procedures and policies bear `no reasonable relationship to any legitimate [governmental] purpose';. . .and that the plaintiff. . .has suffered a specific injury as a result of the policy's enforcement." Tucker v. Alleyne, 195 Conn. 399, 402 (1985), quoting Campbell v. Board of Education, 193 Conn. 93, 105-06
(1984). With the passage of Public Acts 1982, N. 82-160, 167 "the legislature created the office of attorney referee as an alternative method of dispute resolution in order to alleviate court congestion." Seal Audio, Inc., 199 Conn. at 505. The procedures of the attorney trial referee program, Conn. Gen. Stat. 52-434 (a)(4) bear a reasonable relationship to the legitimate governmental purpose of alleviating court congestion. Additionally, the defendants have failed to allege any specific injury attributable to the length of time required for submission of the attorney trial referee's report. Accordingly, it is found that that the equal protection rights of the defendants have not been violated by the procedures of Conn. Gen. Stat. 52-434 (a)(4).
The defendants next argue that the recommendation of the attorney trial referee that the plaintiff be granted specific performance exceeded his authority. Conn. Gen. Stat. 52-434 (a)(4) does not specify the function of an attorney trial referee in cases referred to him. Attorney trial referees do not render judgments, but "function in the same manner as committees appointed pursuant to General Statutes52-425, whose determinations are subject to review by the court." Seal Audio, Inc., 199 Conn. at 505. However, "[a]lthough the rules make no reference to any additional duties, they permit attorney referees to express their views on questions of law. [Conn.] Practice Bk. 434." Rosenberg-Doern v. Weiner, 17 Conn. App. 294, 299 (1988); see also Seal Audio, Inc., 199 Conn. at 509-510. Therefore, the attorney trial referee's recommendation to grant the plaintiff specific performance is a valid exercise of his statutory authority.
The defendants' last claim takes exception to the CT Page 635 substance of the attorney trial referee's report. Specifically, the defendants take exception to the failure of the attorney trial referee to find the following facts which were allegedly admitted or undisputed at trial: 1. Paragraphs: 5, 6, 8, 9, 14, 16, 17, 18, 19, 26, 31, 33, 34, 36, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 56, 58, 59, 60, 61, 62, 63, 65, 68, 69, 70, 71, 72, and 74. (reference is to numbered paragraphs in defendant's motion to correct dated January 16, 1989). The defendants also take exception to the attorney trial referee's finding of facts without evidence: paragraph II, 1 — 3. (reference is to numbered paragraphs in defendants' motion to correct). Finally, defendants object to the referee's conclusions of fact which allegedly were not properly reached on the basis of the subordinate facts found: paragraph III, 1 — 6. (reference is to numbered paragraphs in defendants' motion to correct).
"A party's right to object and except to a referee's factual findings includes the right to trial court rulings on these objections and exceptions before judgment is rendered." Walker v. Ambulance Service of Manchester, Inc., 7 Conn. App. 191,193 (1986). The rules which govern the review by a trial court are found at Conn. Practice Bk. 439-443. They are the same as those which govern matters referred to committees. Seal Audio, Inc., 199 Conn. at 502-03. Under these rules, the function of the court is limited; "it does not itself determine the facts of the case." Spears v. Kerars Realty Co., 171 Conn. 699,702 (1976). "The court will not correct a referee's finding of fact unless a material fact has been found without evidence, unless there was a failure to find an admitted or undisputed fact, or unless a fact has been found in such doubtful language that its real meaning does not appear."
Upon review of the trial transcripts (first supplied to the court in late September 1990), the court finds no instance wherein the trial referee made a finding of material fact without evidence, or where it failed to find a relevant fact which was admitted or undisputed, or where it ambiguously expressed any finding of fact that it made. The court in its discretion, therefore will not substitute any other determination of the facts in the case.
Accordingly, the defendants' objections and exceptions to the trial referee's report are overruled and the plaintiff's motion for judgment is granted.
Judgment may enter in favor of the plaintiff on the complaint and the counterclaim, and the plaintiff is awarded the equitable remedy of specific performance. CT Page 636
MAIOCCO, JUDGE