[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiffs have brought this action against Allyn Schiavone (Allyn), "Judge Sidney Axelrod" (Judge) and "Judges of the Superior Court Judicial District of New Haven at New Haven" (J.D. Judges) seeking an injunction against Allyn, the Judge and the J.D. Judges and a "mandatory injunction that the Judge amend a certain order he entered in a dissolution action brought in the New Haven J.D., Allyn Schiavone vs. Joel Schiavone, #267094. (Dissolution)
I Judges
Jurisdiction is the power to hear and determine cases. Case v. Bush, 93 Conn. 550, 552; Greater Hartford Bridge Authority v. Russo, 24 Conn. Sup. 182, 184-185.
This court has no power to order judges of this court to do or not do any act. Without such power it has no jurisdiction. Jensen v. Nationwide Mutual Ins. Co., 158 Conn. 251,260.
Motion to dismiss is granted as to Hon. Sidney Axelrod and all Judges of the Superior Court J.D. of New Haven at New Haven.
II Allyn
Allyn moves to dismiss because she is not and was not a Connecticut resident and "was not properly served."
Long-Arm Statute
Our statute allows this court to obtain personal jurisdiction over a foreign resident if that person "(1) transacts any business within the state."
Some time in 1988 Allyn brought the Dissolution action in our superior court. That case continues by virtue of an appeal to our appellate court. Under a multitude of dictionary definitions that is the transaction of business within our state:
"1. Quality or state of being busy. . . . 2. That which one has to do or should do; . . . 3. That which busies or engages time, attention or labor. . . 4. Affair; matter; CT Page 3735 concern; . . ." Webster's New International Dictionary, Second Edition.
It is not simply commerce as is shown by the fact that in Webster's "Mercantile transactions; buying and selling; . . ." occupies the sixth position.
Some translations of the New-Testament, Luke, Chapter 2, render the words spoken by the child Jesus to his mother as I am "about my Father's business." That would not suggest commercial activity.
This court does not at this time consider the merits of these actions.
The time of service issue was resolved by the "second" service of March 16, 1993.
As to the action brought by Craig Schiavone, venue is in the New Haven Judicial District. C.G.S. 51-345(a)(3). Thus the action must be dismissed. P.B. 13, 143(3).
As to the action brought by Schiavone Realty and Development Corporation venue is the New Haven Judicial District C.G.S. 51-345(c)(1). The action must be dismissed. P.B. 13, 143(3).
Motions granted.
O'Neill, J.