STATE EX REL. D. NORMAN MARKLEY *v.* CHARLES J. BARTLETT ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 4—decided April 20, 1943.

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellants (defendants).

*M. J. Blumenfeld,* with whom, on the brief, was *DeLancey Pelgrift,* for the appellee (plaintiff).

BROWN, J. The plaintiff brought this action of mandamus to compel the defendants as the Connecticut medical examining board to issue a certificate of approval of licenses to practice medicine issued to him in New York and Pennsylvania, essential to his obtaining a certificate of registration authorizing him to practice in this state, as required by General Statutes, Cumulative Supplement 1935, § 1120c, without taking the Connecticut examination pursuant to Cumulative Supplement 1939, § 988e. The court rendered judgment for the plaintiff upon the pleadings. Whether it erred in so doing is the question conclusive of the

defendants' appeal. Section 988e provides that no person shall be eligible to take an examination in this state for a certificate of registration until the examining board finds that he has received a diploma from some legally incorporated and reputable medical college which is upon one of the lists filed with the commissioner of health by the secretaries of the various medical societies under the provisions of § 2749 (amended Supplement 1941, § 478f); as to persons already having a license issued in another state, there is no specific requirement of such a diploma; but the act provides that the board "may accept" a license issued in another state "in lieu of the examination herein provided for," provided the board "shall find that such license shall have been issued upon an examination passed by such applicant of as high a grade and of the same kind as that required" by the board. Two principal questions are presented: (1) Do the words quoted require as a condition of the approval of a license issued in another state that the applicant have such a diploma as is necessary to take the examination here? (2) If such a diploma is not required, has the board discretion to refuse approval of a license issued by another state although the requirements of the statute are fully met?

These facts are undisputed: The plaintiff is a citizen and now a resident of Pennsylvania but intends in good faith to reside permanently in Connecticut. He is of good moral character and professional standing as a physician and surgeon. He was matriculated at the Royal Colleges of Physicians and Surgeons in Edinburgh, Scotland, in October, 1931, where he took the full five-year medical course in the School of Medicine and was graduated in 1936. In 1937 and 1938 he passed the regular written examinations in New York and Pennsylvania and received in each state a license

to practice medicine. Each of these examinations was of as high a grade as that required by the defendants as the Connecticut medical examining board for those seeking a license in this state. He has been in actual and continuous practice for five years in New York and Pennsylvania. Prior to June 16, 1941, he requested the defendant board to accept the licenses he had so obtained and to issue a certificate of approval thereon. Upon its denial of his request this action was instituted May 6, 1942.

The defendants' denial of the plaintiff's request was predicated upon the fact that he had not received a diploma from a medical college listed as an approved school under the provisions of § 2749. The defendants concede that the examination passed by the plaintiff in each of the other states was "of as high a grade" as that required by their board, but contend that the lack of a requirement in those states that the candidate shall have the diploma which is here an essential prerequisite to taking the examination is conclusive that those examinations were not "of the same kind." To so hold would be to confuse the qualifications for taking the examination with the examination itself. The context of the statutes shows that the legislature did not treat these as a single entity. Section 988e, aside from the provision made for certain special cases, prescribes two methods by which the certificate of registration essential under § 1120c to the practice of medicine in this state may be obtained: first, by passing an examination given by the defendant board; and second, by obtaining acceptance by it, under the provision already quoted, of a license issued by another state "in lieu of the examination." Section 988e specifies with regard to the first method the requirements as to citizenship, residence, character and education which must be met in order to qualify for taking

the examination, while § 2749, entitled "Examination," prescribes not only when and how the examination shall be conducted but states specifically the subjects which it shall cover, including anatomy, physiology, surgery, etc. These provisions signify that while the legislature has required possession of certain qualifications as a condition precedent to taking the examination these are regarded as something separate and distinct from the examination itself. Qualification to take the examination is one thing. Qualification to receive a certificate by passing it is quite another.

Similarly with regard to the second method, § 988e, after providing for acceptance by the defendant board of the license of another state issued upon "an examination" of the nature above recited, states as requisite to the issuance of a certificate conditions of citizenship, residence and moral character identical with those prescribed under the first method, but omits the diploma requirement and, instead, includes one of experience "in actual practice for a period of three years . . . and . . . good . . . professional standing." This substitution not only serves to indicate that the diploma requirement is something separate and apart from the examination by another state involved under the second method but also affords an answer to the defendants' claim that it would be unfair to construe the statute to mean that a resident applicant must have a diploma to take the Connecticut examination which a nonresident need not have to take the examination elsewhere. That the plaintiff did not have the diploma of an approved medical college in taking his examinations in New York and Pennsylvania no more rendered those examinations not "of the same kind" than would the lack of three years' experience determine that such an examination was not "of the same kind" as those in New York and Pennsylvania. The legislature by

General Statutes, Supplement 1941, § 477f, has now amended § 988e by adding the requirement that the candidate have a diploma from an approved medical school as another condition essential to obtaining a certificate by the second method. This action recognizes that prior to the amendment this was not requisite and confirms our conclusion that under §988e, notwithstanding the absence of the diploma requirement in New York and Pennsylvania, the examinations of these states were "of the same kind" as those of Connecticut. The plaintiff, therefore, has fully met the statutory requirements and acquired whatever right is implicit in such compliance.

The other principal question is whether the provision in § 988e that, as applied to this case, the defendant board "may accept" the plaintiff's New York or Pennsylvania license and issue the certificate of approval which the plaintiff seeks, is permissive, conferring a discretion upon the board, or mandatory, entitling the plaintiff to the certificate as of right. In a case of this nature to effectuate the legislative intent contained in the statute, which must govern, it is often necessary to construe "may" as equivalent to "shall" (*Lake Garda Co., Inc.* v. *LeWitt,* 126 Conn. 588, 590, 13 Atl. (2d) 510; *Capobinco* v. *Samorak,* 102 Conn. 310, 313, 128 Atl. 648), and "The accepted rule in such cases is that if, in a statute conferring power and authority for the benefit of the public, or of a third person, or of individuals generally, the word 'may' is used, it shall be construed as equivalent to 'shall,' and that the statute is mandatory and not permissive or discretionary." *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 612, 132 Atl. 30, and cases cited; *Newburgh & Cochecton Turnpike Road* v. *Miller,* 5 Johns. Ch. (N. Y.) 101, 113; note, 5 L. R. A. (N. S.) 340; 25 R. C. L. 768. As related to the instant case, the

principle has been more explicitly stated in these words: ". . . where a power is deposited with a public officer for the purpose of being used for the benefit of persons who are specifically pointed out, and with regard to whom a definition is supplied by the Legislature of the conditions upon which they are entitled to call for its exercise, that power ought to be exercised, and the Court will require it to be exercised." *Julius* v. *Lord Bishop of Oxford,* 5 App. Cas. 214, 225; Craies, Statute Law (4th Ed.), p. 255. In such a case, what the public board is "empowered to do for a third person the law requires shall be done. The power is given, not for their benefit, but for his. It is placed with the depositary to meet the demands of right, and to prevent a failure of justice. It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless. In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose 'a positive and absolute duty.' " *Supervisors* v. *United States,* 4 Wall. (71 U. S.) 435, 447, 18 Law Ed. 419.

By the pleadings in the case before us, construed in the light of the parties' stipulation, the defendants effectively admit that the plaintiff possesses all of the qualifications which the statutes prescribe for obtaining a certificate by the second method except the diploma of an approved school. For the reasons already explained, possession by the plaintiff of such a diploma was not necessary when he applied. The statutes specify the requirements which must be met to procure a certificate, and provide for the defendant board as the administrative agency to issue such certificate to those and to those only who meet these requirements. The plaintiff as one who did meet them has "a claim *de jure* to the exercise of the power" of the board. *Cutler* v. *Howard,* 9 Wis. 309, 312; see Max-

well, Interpretation of Statutes (8th Ed.), p. 217. The authorities referred to in the preceding paragraph make clear, therefore, that the trial court was correct in holding that the defendants "had no right to exercise a discretion" to deny the plaintiff's application for a certificate. The plaintiff's rights having been acquired under § 988e before its amendment by § 477f, which neither expressly nor by necessary implication is retroactive, remain unaffected. *Hart* v. *Board of Examiners of Embalmers,* 129 Conn. 128, 131, 26 Atl. (2d) 780; Maxwell, loc. cit.

There is no error.

In this opinion MALTBIE, C. J., and DICKENSON, J., concurred.

JENNINGS, J. (dissenting). I am unable to agree that the New York and Pennsylvania examinations are "of the same kind" as those of Connecticut. The test proposed by the defendant is a reasonable one. If the candidate could not qualify to take the Connecticut examination but could and did take those of the other states, that fact is conclusive proof that the examinations are not of the same kind. The importance of the preliminary training of doctors and lawyers is fully discussed in *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 165 Atl. 211, and much that is said there is pertinent to this case. When the various statutes cited in the majority opinion are read together, the legislative intention to integrate the qualifications to take the examination with the examination itself is clear. I think there was error.

In this opinion ELLS, J., concurred, and also expressed doubt that in this case "may" must be construed to mean "shall."