STATE EX REL. AMERICAN DISTILLING COMPANY *v.*
RUSSELL L. PATTERSON ET AL., LIQUOR CONTROL
COMMISSION

MALTBIE, C J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 4, 1946—decided January 9, 1947

*Arthur D. Weinstein,* with whom was *Joseph P.
Kenny,* for the appellant (plaintiff).

*Bernard A. Kosicki,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellees (defendants).

JENNINGS, J. The liquor control commission, hereinafter called the defendant, refused to approve a brand of liquor submitted by the American Distilling Company, hereinafter called the plaintiff. The plaintiff brought mandamus in which it sought, unsuccessfully, an order that the defendant do so. It claims that the duties of the defendant are ministerial only; that if it had any discretion its discretion was abused and that the statute requiring such approval is unconstitutional.

The plaintiff is entitled to no material corrections in the finding. On September 7, 1945, the plaintiff applied in proper form to the defendant for the registration and approval of a brand or trade name known as "Private Stock Whiskey." A front and a back label were filed with the application. In displaying bottled liquor for sale at retail, ordinarily the front label only is visible to the prospective customer.

The front label was the larger. It was attractively printed on gold and white paper, carried the words "Private Stock Whiskey" in large type and made them conspicuous through the employment of gold, red and black ink. Under the legend "Private Stock Whiskey" appeared a paragraph of descriptive material, reading: "A superb quality whiskey of excellent character and distinctive flavor, produced by the American Distilling Company with almost half a century experience in the distillation of Fine American Whiskies; Distilled and Bottled by the American Distilling Company, Incor-

porated, Pekin, Illinois." The back label was printed on gold and white paper and carried the words "Private Stock" in bold type with further use of gold, red and black ink. At the bottom of this back label, in substantially reduced type, appeared the legend: "Whiskey colored and flavored with wood chips. Eighty Proof. This whiskey is less than one month old."

The defendant refused to approve the brand, substantially on the ground that the labels were designed to deceive and mislead the public and had a tendency to deceive and mislead. The deception consisted in employing on the front label language descriptive of an unusual, choice or special product whereas the statement on the back label indicated that the whiskey met only the bare minimum requirements of the federal regulations, was less than one month old and had had no opportunity to age and thus acquire unusual or choice characteristics.

General Statutes, Sup. 1943, § 524g, grants to the commission "power generally to do whatever is reasonably necessary for the carrying out of the intent" of the Liquor Control Act. Supplement 1941, § 469f, provides, in part: "No holder of any manufacturer, wholesaler or out-of-state shipper's permit shall ship, transport or deliver within this state, or sell or offer for sale any alcoholic liquors unless the . . . brand, trade name or other distinctive characteristic . . . shall be registered with the liquor control commission . . . and until such brand, trade name or other distinctive characteristic shall have been approved by the commission." This was an amendment of the statute forbidding generally the unauthorized sale of liquor; Cum. Sup. 1935, § 1087c; and transferred to the liquor

control commission the duty of registration former-
ly assigned to the tax commissioner. Cum. Sup.
1939, § 983e.

Cumulative Supplement, 1939, § 984e, reads as
follows: "Advertising and bottling. There shall
be no advertising, labeling, bottling or canning of
alcoholic liquor which shall, in any way, deceive or
tend to deceive, a purchaser or consumer of such
alcoholic liquor as to the nature, quality or quantity
of such liquor, and all advertising, labeling, bottling
or canning of alcoholic liquors, shall be subject to
such rules and regulations as the liquor control com-
mission shall prescribe."

On December 13, 1944, the defendant adopted
regulations. The last and sixty-seventh paragraph
related to labeling and adopted the regulations pro-
mulgated by the federal alcohol administration.
Section 41 of the latter provides that no label shall
contain any false statement or one which, irrespec-
tive of its falsity, "directly or by ambiguity, omis-
sion, or inference . . . tends to create a mislead-
ing impression."

Sections 469f and 984e have to do with related
subjects, the former with the registration and ap-
proval of brands and the latter with false labeling.
They appear in the same chapter, the Liquor Con-
trol Act, and in the 1939 and 1945 supplements one
follows the other. §§ 983e, 984e, 644h, 645h. The
reason why § 469f appeared alone in the 1941 supple-
ment was obviously because the companion section
was not amended in that year. It is also significant
that the only requirement imposed upon the tax
commissioner was to "register" the brand; § 983e;
but when the duty was assigned to the defendant,
the brand was not only required to be registered

but also to be "approved." The intent of the legislature, in view of this legislative history, is clear. Even if § 469f is considered alone, the requirement for approval added thereby indicates that the defendant is endowed with discretion. If the language and purpose of the two sections are considered together, that conclusion is inescapable. *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 193, 167 A. 709. It was the duty of the defendant to withhold its approval from brands the labels of which deceived or tended to deceive unsuspecting purchasers. It is, of course, elementary that "Mandamus will not issue to control the exercise of a discretion which is vested in a public officer or board." *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 12, 37 A.2d 689.

The conclusion of the trial court that the action of the defendant was fully justified was correct. Whether or not representations have a tendency to deceive is a question of fact. *Cottrell* v. *Babcock Printing Press Mfg. Co.,* 54 Conn. 122, 138, 6 A. 791. The claim of the plaintiff that the defendant abused its discretion is without foundation. See *Siegel Co.* v. *Federal Trade Commission,* 327 U.S. 608, 614, 66 S. Ct. 758, 90 L. Ed. 697; see also *Aronberg* v. *Federal Trade Commission,* 132 F.2d 165, 167; *Gulf Oil Corporation* v. *Federal Trade Commission,* 150 F.2d 106, 109; *Federal Communications Commission* v. *WOKO, Inc.,* 329 U.S. 223, 229, 67 S. Ct. 213, 91 L. Ed. Adv. p. 190.

The plaintiff also claims that the statute, § 469f, if it gives the defendant discretion, is unconstitutional because it sets up no effective standards to guide the administrator. In asking for an order requiring the commission to approve the brand, it

is in the position of seeking relief under a statute which it claims is unconstitutional. Such a position is untenable. *Holley* v. *Sunderland,* 110 Conn. 80, 85, 147 A. 300.

It would serve no useful purpose to analyze the numerous cases cited by the plaintiff. Where they are relevant, the successful relator has been supported by a finding of all of the essential facts in its favor. In *State ex rel. Markley* v. *Bartlett,* 130 Conn. 88, 32 A.2d 58, for example, it was held (p. 94) that "the plaintiff possesses all of the qualifications which the statutes prescribe for obtaining a certificate" and that the defendant was therefore under a clear duty to issue one to him. In the case at bar the plaintiff is seeking to enforce the registration and approval of a brand which violates the provisions of the statutes and of regulations passed pursuant thereto. The plaintiff takes nothing by its appeal.

There is no error.

In this opinion the other judges concurred.