## City of Middletown *v.* F. L. Caulkins Automobile Company

Superior Court · Middlesex County · File No. 11826

Memorandum filed June 15, 1954.

*Charles Bufithis* and *Bernard A. Kosicki,* both of Middletown, for the plaintiff.

*Morris A. Wrubel,* of Middletown, and *Alcorn, Bakewell & Alcorn,* of Hartford, for the defendant.

Troland, J. This is an action brought by the city of Middletown, returnable to this court the first Tuesday of October, 1953, to take certain land of the defendant, by right of condemnation, so that said land may be used for public parking purposes.

On March 5, 1954, this court (*Anderson, J.*) entered judgment appointing three disinterested per-

sons to hear the evidence and assess just damages to the defendant. On May 15, 1954, the plaintiff filed a motion that it be permitted to enter immediately upon the real property to be taken and to devote it temporarily to the public use specified in the petition, in accordance with § 7182 of the General Statutes. A hearing on this motion was held on June 4, 1954, and continued to June 9, 1954. On June 8, 1954, the defendant filed a plea challenging the jurisdiction of the court to proceed.

The principal claim of the defendant is that the plaintiff city of Middletown is without power to condemn land for the purposes set forth in the complaint. It appears to be conceded that the city of Middletown is without power under its charter to condemn land for public parking purposes.

Public Act No. 157, entitled "An Act Enabling Municipalities to Provide Parking Facilities," approved May 8, 1953, authorizes any municipality to create a "parking authority," which shall mean a body corporate and politic, created by the legislative body of any municipality, for the purpose of establishing off-street parking facilities. Cum. Sup. 1953, § 224c. The city of Middletown has not created any such parking authority under the provisions of said public act. If so created, such an authority would have the power, "in the name of the municipality," to acquire by purchase, gift, devise, lease or condemnation, real property for off-street parking facilities. Cum. Sup. 1953, § 225c.

The plaintiff city of Middletown purports in this action to be proceeding under authority granted by the General Assembly in Special Act No. 158, passed in the January, 1953, session. This special act creates the "Middletown Parking Authority." 26 Spec. Laws 785. This authority is clearly a body corporate and politic as set up under § 1 of said act.

The "Middletown Parking Authority" is authorized under § 2 of said act to "establish, construct, maintain and operate public parking facilities, to purchase, lease or otherwise own and acquire land and buildings to be used for public parking of vehicles within the limits" of the city of Middletown. The Middletown parking authority is therein authorized, subject to the approval of the common council, to acquire the necessary land or properties to be used for public parking by right of condemnation under § 7181 of the General Statutes.

The Middletown parking authority is not expressly authorized to bring any of its actions in the name of the city of Middletown. It would seem that it has no such implied power. In the act creating the Middletown parking authority, the city of Middletown is treated as a separate entity, authorized to deal with the parking authority, to advance funds to it, and to be reimbursed by the parking authority for funds so advanced. Also and of particular importance is the provision of § 11 of the act authorizing the "city of Middletown, or any member of the common council aggrieved by any action of the parking authority [to] appeal therefrom . . . to the court of common pleas."

Ordinarily, the public agency on whom is conferred the power of eminent domain is the proper party plaintiff in a condemnation proceeding. 18 Am. Jur. 963. If the statute providing for condemnation proceedings in particular instances designates the officers or board authorized to institute and conduct the proceedings, the proceedings should be brought by, and in the name of, the officers or board so designated. 29 C.J.S. 1201; *Norwalk* v. *Podmore,* 85 Conn. 498, 503.

The legislature has the power to prescribe the persons or corporations who may institute condemnation proceedings, and to prescribe the conditions

and circumstances under which such proceedings may be instituted. It follows that such proceedings can be instituted by those persons and corporations, and those only, on whom the requisite authority has been conferred by the legislature. 29 C.J.S. 1144. All grants of power by the government are to be strictly construed, and this is especially true with respect to the power of eminent domain. The authority to condemn will be strictly construed in favor of the owner of property taken and against the condemnor and the authority must be strictly pursued. *State v. McCook,* 109 Conn. 621, 630.

Applying the rules above stated, the court is impelled to the conclusion that the city of Middletown is without power to condemn land for the purposes set forth in the complaint. This power is vested in the Middletown parking authority. In so holding, the court distinguishes this case from *Waterbury* v. *Macken,* 100 Conn. 407, 409, in which the board of park commissioners of Waterbury was held to be a ministerial board of the city of Waterbury, and under a special act, providing "The board shall have power to acquire, and the City of Waterbury to hold, property," the Supreme Court held that "the board is constituted the agent of the city to conduct the negotiation for purchase or for condemnation in behalf of the city and not for itself." Under the special act creating the Middletown parking authority it is clearly set forth that it is the parking authority itself that has power to acquire and own land.

The city of Middletown maintains that all questions of procedure, etc., have heretofore been decided by the judgment of this court appointing the three appraisers and that this is a final judgment, from which no appeal was taken by defendant Caulkins Auto Co.

The order appointing appraisers is a final judgment from which an appeal lies. *New Milford*

*Water Co.* v. *Watson,* 75 Conn. 237. No appeal was taken in fact by the defendant Caulkins Auto Co. The order of the court on the same day (March 5, 1954) denying the motion of the city of Middletown for immediate possession of the real property concerned, was likewise a final judgment, from which an appeal lies. *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 373. The city of Middletown did not appeal from this denial.

However, a final judgment may be followed, in cases of certain kinds, by a further judgment. *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 37. The motion for immediate possession, once denied by Judge Anderson, has been renewed to the court and presented under a claim that the circumstances have changed. This motion has been met as stated above by the plea to the jurisdiction.

The court is of the opinion it lacks jurisdiction, and that the pending petition is void for the reasons above stated. To hold as above involves the holding that the judgment heretofore rendered herein is also void by reason of a want of jurisdiction in the court. *Stonington* v. *States,* 31 Conn. 213.

Judgment may enter sustaining the plea to the jurisdiction and dismissing the petition.